UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAHUL SHAH, M.D., : Hon. Joseph H. Rodriguez
on assignment of Ida H.,
: Civil Action No. 17-1574
    Plaintiff,

v. : OPINION

HORIZON BLUE CROSS :
BLUE SHIELD OF NEW JERSEY,

    Defendant. :

This matter is before the Court on Defendant's motion for summary judgment. The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, the motion will be granted.

## Background

Plaintiff Rahul Shah, MD ("Plaintiff"), on assignment of Ida H. ("Participant"), seeks damages against Horizon for sums Plaintiff claims are due under an alleged Horizon health benefit plan issued to the Participant. Plaintiff performed a spinal procedure on Participant on or about April 7, 2014. Plaintiff, an out-of-network provider, submitted a bill to Horizon for the subject procedure in the amount of $157,536. On the date of service, the Participant had health coverage through a self-funded health benefit plan ("NJM Plan") sponsored and underwritten by her employer, New Jersey

Manufacturers Insurance Company ("New Jersey Manufacturers"). Horizon provides administrative claims services to the NJM Plan. The NJM Plan provides that, with certain limited exceptions not relevant here, the allowed amount for services rendered by out-of-network providers such as Plaintiff shall be the lesser of either the provider's charge, or 250% of the Medicare-prescribed amount for the same services – Medicare being an industry pricing standard. The NJM Plan paid this benefit of $4,060.93 to the Participant, who in turn paid it to Plaintiff.

There is no dispute that the NJM Plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. Accordingly, Plaintiff asserts derivative standing to prosecute this lawsuit as a participant or beneficiary under ERISA. Plaintiff claims that Horizon underpaid $153,475.07 and therefore failed to make payments pursuant to an employee welfare benefit plan, contrary to 29 U.S.C. § 1132(a)(1)(B) (Count Two), and alternatively, breached its fiduciary duty, contrary to 29 U.S.C. §§ 1104-1105 (Count Three).[1]

---

[1] Plaintiff's complaint also asserted a claim for breach of contract. However, ERISA expressly preempts any state law claim insofar as it may "relate to" an employee welfare benefit plan. 29 U.S.C. § 1144(a). A claim "relates to" an employee welfare benefit plan if it "has a connection with or reference[s] such a plan." Pilot Life Ins. Co. v. Deleaut, 481 U.S. 41 (1987).

Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v.

---

State law breach of contract claims seeking payment for benefits claimed to have been wrongfully withheld or denied under an employee welfare benefit plans are deemed preempted by 29 U.S.C. § 1144 and are deemed to be governed exclusively by ERISA's civil enforcement provisions. 29 U.S.C. §§ 1132. Id. Accordingly, Plaintiff has voluntarily dismissed the breach of contract claim (Count One) as well as a claim for failure to establish and maintain reasonable claims procedures, contrary to ERISA regulation 29 C.F.R. § 2560.503-1 (Count Four).

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## Discussion

On June 10, 2016, the Participant signed a one-page "Assignment of Benefits & Ltd. Power of Attorney & Medical Records Authorization," which lists at the top "Premier Orthopaedic Associates of Southern New Jersey," and three providers' names: "Thomas A Dwyer, M.D., Rahul V. Shah, M.D., Christian Brenner, PA–C." (Docket No. 1 at 27.) The assignment provides, in part, "I irrevocably assign to you, my medical provider, all of my rights and benefits under my insurance contract for payment for services tendered

5

to me, including but limited to my rights under 'ERISA' applicable to the medical services at issue. I specifically assign to you all of my rights and claims with regard to the employee health benefits at issue (including claims for the assessment of penalties and for attorneys' fees) arising under ERISA or other federal or state law." (Id.) The Court finds this valid assignment confers standing to Plaintiff to bring his claims against the NJM Plan for violations of ERISA.

Plaintiff—who stands in the shoes of his patient through an assignment of benefits—seeks benefits he claims he is owed under the Plan. Plaintiff claims that Defendant violated its fiduciary duty by failing to pay him the benefits owed under the plan for nonparticipating, out-of-network providers such as himself. These claims are governed by ERISA § 502(a)(1)(B), which allows a plan participant or beneficiary to bring a civil action to, among other things, "recover benefits due to him under the terms of his plan," 29 U.S.C. § 1132(a)(1)(B), and § 404 of ERISA, which provides that a "fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . [by] providing benefits to participants and their beneficiaries," 29 U.S.C. § 1104.

This Court's standard of review for claims alleging violations of these provisions is an abuse of discretion. See Fleisher v. Standard Ins. Co., 679

F.3d 116, 120 (3d Cir. 2012) (citations omitted) (explaining that when an ERISA plan grants its administrator discretionary authority, as in the case here, the deferential standard of review is appropriate, and an administrator's decision is arbitrary and capricious if it is without reason, unsupported by substantial evidence or erroneous as a matter of law). Thus, the issue to be decided is whether Defendant was arbitrary and capricious in its interpretation of the plan and resulting payment to Plaintiff.

The Court finds that Defendant did not abuse its discretion in this case. The plan terms provide, in relevant part:

> **Allowance** – to the exceptions below, an amount determined by the Plan as the least of the following amounts: (a) the actual charge made by the Provider for the service or supply; (b) in the case of In-Network Providers, the amount that the Provider has agreed to accept for the service or supply; or (c) in the case of Out-of-Network Providers, the amount determined as 250% of the amount that would be reimbursed for the service or supply under Medicare.

(Holzapfel Cert., Ex. A, p. 9.) Thus, for out-of-network services, the NJM Plan provides that reimbursable allowances are calculated based on 250% of the value that Medicare would pay for the same service, subject to deductibles and coinsurance of 20% to 25%, depending on the service. (Holzapfel Cert., Ex. A, p. 24-30.) Amounts exceeding this Covered Charge are not covered. There is no argument that the allowance that was paid

derived from something other than prescribed Medicare rates. The Court finds no basis for determining that Horizon administered the claim at issue here in an arbitrary and capricious manner. Thus, there are no "additional benefits" due for purposes of Count Two nor, by extension, can there be any finding that Horizon breached any fiduciary obligation by underpaying benefits for purposes of Count Three.

## Conclusion

For these reasons, the motion for summary judgment pursuant to Fed. R. Civ. P. 56 filed by Defendant Horizon Blue Cross Blue Shield of New Jersey [Doc. 16] will be granted. An Order will accompany this Opinion.

Dated: September 27, 2018        /s/ Joseph H. Rodriguez
                                            JOSEPH H. RODRIGUEZ
                                                  U.S.D.J.